IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **HERBERT JOHN MILLER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00847-O |
| § | |
| **SS HOSPITALITY GROUP, LLC, d/b/a** § | |
| **LANDMARK BAR AND KITCHEN,** § | |
| *et al.*, § | |
| § | |
| **Defendants.** § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants SS Hospitality Group, Shaul Sultan, and Saman Samenifallah's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support (ECF No. 26), filed April 16, 2018; Plaintiff's Response to Defendants SS Hospitality Group, Shaul Sultan, and Saman Samenifallah's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 30), filed May 7, 2018; and Defendants SS Hospitality Group, Shaul Sultan, and Saman Samenifallah's Reply in Further Support of Their 12(b)(6) Motion to Dismiss and Supporting Brief (ECF No. 34), filed May 21, 2018. United States District Judge Reed O'Connor referred this motion to the undersigned for determination or recommendation by Order entered May 1, 2018. ECF No. 29. After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants SS Hospitality Group, Shaul Sultan, and Saman Samenifallah's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support (ECF No. 26) and **DISMISS** the claims against such Defendants **with prejudice**.

## BACKGROUND

Plaintiff Herbert John Miller ("Miller") brings this action against defendants SS Hospitality Group, LLC d/b/a Landmark Bar and Kitchen ("Landmark Bar"), Shaul Sultan ("Sultan"), Saman Samenifallah ("Samenifallah"), Charles Rogers ("Rogers"), Matthew Pearce ("Pearce"), and Charlie Owens ("Owens"), under 42 U.S.C. § 1983. ECF No. 22. Miller's specific claims are for excessive force, false imprisonment, assault, intentional infliction of emotional distress, malicious prosecution, premises liability, negligence, negligent hiring, and gross negligence. *Id.* at 10–20.

Sultan is the Manager and Director of Landmark Bar. ECF No. 22 at 2. Samenifallah is the Manager of Landmark Bar. *Id.* Rogers, Owens, and Pearce (collectively, the "Police Defendants") are all police officers with the City of Fort Worth. *Id.* at 3. Rogers and Owens were also working off-duty for Landmark Bar at the time of the complained-of incident. *Id.* at 3–4, 10.

The following facts are taken from Miller's Second Amended Complaint. On November 22, 2015, Miller entered Landmark Bar and Kitchen in Fort Worth, Texas. *Id.* at 3. According to Miller, he allegedly coughed a sip of his drink in the direction of Rogers and another person at Landmark. *Id.* at 4. Rogers was one of Landmark's security personnel as well as an off-duty police officer of the City of Fort Worth. *Id.* Miller immediately apologized to Rogers. *Id.* According to Miller's complaint, he denies having bloodshot watery eyes and slurred speech, being unsteady, and taking any aggressive stance toward Rogers, as the police report states. *Id.* at 9, 26–27.

Rogers allegedly responded, "Get the f*ck out of my face!" *Id.* at 4. Rogers appeared to become upset and began to walk toward Miller. *Id.* A female employee of Landmark prevented Rogers from "getting into Miller's face." *Id.* Rogers then ordered Miller to leave Landmark's premises. *Id.* Miller left the immediate vicinity but remained in the bar to gather his friends. *Id.* While waiting for his friends, Miller attempted to apologize to Rogers again. *Id.* However, during

Miller's apology, Owens came from Miller's side and shoved Miller in his torso. *Id.* The shove caused Miller to stumble backwards. *Id.*

Owens began to escort Miller out of the bar. *Id.* Owens allegedly pushed Miller down the steps, causing Miller to land face down. *Id.* According to Miller, he was not resisting Owens in any way. *Id.* While Miller was on the ground, Rogers allegedly struck Miller several times in his ribs and right side. *Id.* Miller was escorted to Pearce's waiting police vehicle. *Id.* at 4–5. At this time, Rogers was on Miller's right side. *Id.* Rogers caused injury to Miller underneath his right armpit in some way. *Id.* at 5.

One of the Police Defendants directed Miller to sit down. *Id.* at 8. As Miller was in the process of sitting down, Rogers allegedly shoved or slammed Miller onto the ground. *Id.* According to Miller, he felt his back pop. *Id.* Miller informed the Police Defendants that he had bad knees. *Id.* Owens allegedly responded, "I don't give a sh*t!" *Id.* Owens handcuffed Miller. *Id.* Either Owens or Rogers held Miller down on the ground with a knee. *Id.*

According to Miller, Rogers was verbally abusive and asked whether Miller had any warrants or was carrying a gun. *Id.* Owens frisked Miller twice during this period. *Id.* Owens then placed Miller in the back of the waiting police vehicle. *Id.* Owens allegedly pushed the handcuffs too closely together and caused Miller pain. *Id.* Miller told Owens his handcuffs were too tight. *Id.*

Pearce then transported Miller away from the location. *Id.* Miller told Pearce that his handcuffs were too tight and he could not feel his hands. *Id.* When Miller arrived at jail, he allegedly could not feel his hands as they were turning blue. *Id.* at 8–9. Miller still complains of problems with his wrists due to this incident. *Id.* at 9.

Miller was placed under arrest for public intoxication by Rogers and Pearce. *Id.* While Owens is not listed on the police report, Owens states that he was involved in the arrest in an

interoffice memo dated December 4, 2015. *Id.* at 9, 24. Rogers and Pearce placed Miller under arrest for public intoxication and issued him a citation. *Id.* at 9. No field sobriety test, breathalyzer, or blood test was conducted on Miller. *Id.* at 10. Miller appeared at his scheduled court appearance for the citation on February 15, 2016, where he learned that his charge had been dismissed on January 25, 2016. *Id.* at 9. Miller reported the alleged misconduct to the Fort Worth Police Department. *Id.* at 10.

Miller alleges that he experienced a high level of shock and distress from Rogers and Owens's conduct. *Id.* at 9. He additionally alleges that he suffered medical injuries including "scratches, bruises, back problems, mental anguish, and embarrassment." *Id.* at 10. He estimates that he has sustained over $24,000 in medical expenses from the incident. *Id.*

Miller filed his Second Amended Complaint on March 26, 2018. ECF No. 22. He attached the following to his complaint as exhibits: an interoffice memo written by Owens, a copy of the police report for the incident completed by Pearce, Miller's citation for public intoxication, a copy of the police report for Miller's complaint regarding the incident, police body camera footage of Miller's complaint of misconduct the next day, the order dismissing Miller's citation, and internet reviews of Landmark Bar, and police dash camera footage of Miller's arrest. *Id.* Landmark, Sultan, and Samenifallah (collectively, the "SS Hospitality Defendants") filed a Motion to Dismiss on April 16, 2018. ECF No. 26. Miller filed a Response on May 7, 2018. ECF No. 30. The SS Hospitality Defendants filed a Reply on May 21, 2018. ECF No. 34.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to

relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## ANALYSIS

In their Motion to Dismiss, the SS Hospitality Defendants argue that Miller's claims should be dismissed because: (1) Miller failed to plead facts that the SS Hospitality Defendants were acting under color of law; (2) the police officers were performing a public duty and thus the SS Hospitality Defendants were not vicariously liable; (3) the SS Hospitality Defendants were not vicariously liable because the pleaded facts show only that Rogers and Owens were employed or contracted with the SS Hospitality Defendants; (4) Miller was a trespasser and thus there is no

5

premises liability; (5) Miller did not plead facts establishing the elements of premises liability; (6) Miller failed to state a claim against Sultan and Samenifallah for any of the causes of action asserted; (7) Miller did not plead facts showing an employer-employee relationship between the SS Hospitality Defendants and Rogers and Owens; and (8) Miller did not plead facts establishing the elements of gross negligence.

I. **Miller's claims under 42 U.S.C. § 1983 of excessive force, false imprisonment, and malicious prosecution, if asserted against the SS Hospitality Defendants, should be dismissed as to these Defendants.**

To assert a claim under 42 U.S.C. § 1983, a plaintiff must show "(1) that [he] was deprived of a right secured by the Constitution and the laws of the United States and (2) that the conduct complained of was committed by a person acting under the color of law." *Meade v. Dillard Dept. Stores*, 275 F.3d 43 (5th Cir. 2001) (quotation marks omitted). The SS Hospitality Defendants argue that because Miller has not pleaded that they acted under color of law, all claims against them should be dismissed. ECF No. 26 at 9–10. In his Response, Miller argues that he has not asserted any claims under § 1983 against the SS Hospitality Defendants, because he only asserted claims of negligence, negligent hiring, and gross negligence against the SS Hospitality Defendants, a claim of premises liability against Landmark Bar only, and vicarious liability for the Police Defendants' intentional torts. ECF No. 30 at 9; No. 22 at 16–20. Miller does not state exactly which of his claims fall under § 1983 or which are the intentional torts for which the SS Hospitality Defendants are allegedly vicariously liable. *See id.* Though Miller does not state as much, most of these claims appear to fall under the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

Miller's Complaint invites confusion because *all* of his claims are grouped under the heading "Causes of Action Under 42 U.S.C. § 1983," and the Complaint does not clearly assign each claim to particular defendants. ECF No. 22 at 10–20. Nor does Miller explain in his Response

which are the intentional torts for which the SS Hospitality Defendants are allegedly vicariously liable, or whether all or only some of these Defendants are liable. ECF No. 30 at 9–11. In addition, Miller incorrectly characterizes his Complaint when he states in his Response that he has not asserted any § 1983 claims against these Defendants. To the contrary, in the section of Miller's Complaint detailing his false imprisonment or arrest claim, Miller states both that this claim comes under 42 U.S.C. § 1983 and that Landmark Bar is vicariously liable for Rogers and Owens's actions under this claim. ECF No. 22 at 11–12. This is the only explicit mention of vicarious liability in Miller's Complaint, although Miller states in his section on intentional infliction of emotional distress that Rogers and Owens acted as agents for Defendant Landmark Bar. *Id.* at 15.

"Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Therefore Miller's claims of excessive force, false imprisonment or arrest, and malicious prosecution, if asserted against the SS Hospitality Defendants, should be dismissed as to these Defendants. Miller's other claims, which he does not assert under 42 U.S.C. § 1983, need not be dismissed on this ground.

**II.   The SS Hospitality Defendants are not vicariously liable for any of the actions taken by the Police Officer Defendants, because the Police Officer Defendants were on-duty officers enforcing the law.**

The employer of an off-duty police officer is not vicariously liable for the actions of an officer if he or she was acting as a police officer. *Cox v. City of Ft. Worth, Tex.*, 762 F. Supp. 2d 926, 939 (N.D. Tex. 2010) (McBryde, J.). According to Texas law, the general test for determining the officer's status is:

> If the officer is performing a public duty, such as the enforcement of general laws, the officer's private employer incurs no vicarious responsibility for that officer's

> acts, even though the employer may have directed the activities. If the officer was engaged in protecting the employer's property, ejecting trespassers, or enforcing rules and regulations promulgated by the employer, however, the trier of fact decides whether the officer was acting as a public officer or as a servant of the employer.

*Id.* (quoting *Mansfield v. C.F. Bent Tree Apartment Ltd. P'ship*, 37 S.W.3d 145, 150 (Tex. App.—Austin 2001, no pet.)). "For purposes of determining vicarious liability, an off-duty police officer who observes a crime becomes an on-duty officer as a matter of law." *Id.*; *see also Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 419 (Tex. App.—Dallas 2007, pet. denied) ("[A]n off-duty police officer's public duty can also be triggered by 'reasonable suspicion' that a person is, has been, or soon will be engaged in criminal activity, the officer need not personally witness a crime to be acting within his official capacity.").

The SS Hospitality Defendants argue that the Police Officer Defendants were acting as on-duty police officers, rather than agents of Landmark Bar, when they committed all of the complained-of actions, and as such no vicarious liability attaches to the SS Hospitality Defendants. ECF No. 26 at 10–11. In his Response, Miller make no argument concerning whether the Police Officer Defendants were acting as on-duty police officers. *See* ECF No. 30.

Miller's complaint clearly shows that the Police Officer Defendants were acting as on-duty police officers when all the complained-of actions took place. Two of Miller's claims, false imprisonment and malicious prosecution, in and of themselves require that the Police Officer Defendants were acting as on-duty officers in arresting and prosecuting him. In addition, Miller's claim against Rogers and Owens for excessive force under 42 U.S.C. § 1983 presumes that they were acting under color of law, that is, as on-duty police officials. The facts alleged in Miller's complaint show that the complained-of conduct occurred in the course of the Police Officer Defendants' arrest of Miller for public intoxication. ECF No. 22 at 3–10. Though Miller disputes

at points that the Police Officer Defendants had probable cause to arrest him, he does not dispute that they were engaged in making an arrest. *See id.* at 11, 15–16. This means, under *Cox* and *Ogg*, that during the incident Rogers and Owens were acting as on-duty police officers, for whose actions no vicarious liability could attach to the SS Hospitality Defendants. 762 F. Supp. 2d at 939; 239 S.W.3d at 419.

All of Miller's claims against the SS Hospitality Defendants, not only those brought under vicarious liability, must be dismissed as a result of this finding. Miller's claims of negligence and gross negligence are based on the SS Hospitality Defendants' alleged failure to train and failure to control Rogers and Owens's conduct, but Rogers and Owens were acting as police officers not under those Defendants' control. ECF No. 22 at 18–20. Miller's negligent hiring claim, premises liability claim, and intentional infliction of emotional distress claim are likewise based on the SS Hospitality Defendants' alleged responsibility for Rogers and Owens's conduct. *Id.* at 16–20. All of Miller's claims against these Defendants must be dismissed because all are based on the insupportable proposition that the SS Hospitality Defendants are liable through Rogers and Owen's conduct.

Because this conclusion disposes of all of Miller's claims against the SS Hospitality Defendants, their later arguments concerning insufficiently pleaded facts and Miller's potential status as a trespasser need not be reached.

**III.   As Miller has no viable avenue of recovery on his claims, his complaint should be dismissed with prejudice against these Defendants.**

While the court should dismiss a complaint without prejudice in most cases, a plaintiff must have some viable avenue to recover according to which the plaintiff could amend the complaint. *See Parker v. Allstate Ins. Co.*, Civ. A. No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet

9

their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)). Because the Police Defendants were acting as on-duty police officers during the complained-of incident, Miller has no viable avenue of recovery against the SS Hospitality Defendants. Miller has now amended his complaint twice and responded to six motions to dismiss, but he has not cured the defects in his pleading. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (affirming dismissal with prejudice where plaintiff had pleaded his best case). Because further amendment would be futile, his complaint should be dismissed with prejudice as to the SS Hospitality Defendants.

## CONCLUSION

After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants SS Hospitality Group, Shaul Sultan, and Saman Samenifallah's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support (ECF No. 26) and **DISMISS** the claims against such Defendants **with prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed June 5, 2018.

                                                            _____
                                                            Hal R. Ray, Jr.
                                                            UNITED STATES MAGISTRATE JUDGE